UNITED STATES DISTRICT COURT                                    O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE LUIS JACOBO-FLORES** | § | |
| | § | |
| *Petitioner* | § | |
| **VS.** | § | **CIVIL ACTION NO. L-07-105** |
| | § | **CRIMINAL ACTION NO. L-02-842-3** |
| **UNITED STATES OF AMERICA** | § | |
| | | |
| *Respondent.* | | |

## OPINION AND ORDER

Now pending in the above-styled action is a Motion by Petitioner Jose Luis Jacobo-Flores ("Jacobo-Flores"), appearing *pro se*, for the return of personal property under Federal Rule of Criminal Procedure 41(g). [Dkt. No. 1].[1]  The Government has moved to dismiss the motion for failure to state a claim upon which relief can be granted. [Dkt. No. 16].  For the reasons stated herein, the Court **DENIES** the petitioner's motion and **DENIES AS MOOT** the government's motion.

## I.  BACKGROUND

On May 15, 2002, Jacobo-Flores was arrested in Laredo, Texas when agents discovered marijuana concealed in a commercial trailer.  At the time of his arrest, U.S. Customs Agents confiscated the following items: (1) a wallet which contained $23, identification cards, and papers; (2) a wrist watch; (3) a gold-colored ring; (4) a necklace with a charm; and (5) clothing. [Dkt. No. 1 ¶ 2; Dkt. No. 16, Ex. A: Amaro Aff. ¶ 3, 5].  Jacobo-Flores subsequently plead guilty to conspiracy to possess with intent to distribute 100 kilograms or more of cocaine and was sentenced to 108 months of confinement.  [Cr. Dkt. No. 67; 149].  The Government alleges that

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:07-cv-105.  Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:02-cr-842.  Citations to "Minute Entries" will be used to refer to entries made for civil case number 5:07-cv-105.

Customs Agent Alejandro Amaro orally notified Jacobo-Flores that Customs would hold his wallet, watch, ring, and necklace for thirty days for retrieval and would thereafter destroy the property. [Dkt. No. 16, Ex. A: Amaro Aff. ¶ 4]. According to Agent Amaro, this is standard procedure. [*Id.*] The Government claims that the $23 was given back to Jacobo-Flores. [*Id.* at ¶ 5]. According to the Government, the money was then deposited in cash in an account at the Webb County, Texas jail for Jacobo-Flores to use to purchase goods at the jail's commissary. [*Id.* at ¶ 5; Ex. 1]. While Jacobo-Flores disputes the claim, the Government states that neither Jacobo-Flores nor anyone on his behalf attempted to retrieve or claim the property within thirty days. [*Id.* at ¶ 6]. On August 14, 2002, Agent Amaro, according to his affidavit, destroyed the watch and ring by hitting them with a hammer and destroyed the wallet by cutting it with scissors. [*Id.*] The remains of these items along with the necklace and wallet contents then were sent to an incinerator in Houston, Texas where they were burned. [*Id.*]

On August 8, 2007, Jacobo-Flores filed a motion for return of his seized personal property taken at the time of his arrest pursuant to Fed. R. Crim. P. 41(g). [Dkt. No. 1]. In his reply brief of August 1, 2008, Jacobo-Flores also asserted a claim for damages under the Federal Tort Claims Act, 28 U.S.C. §2671, if the Government had destroyed his property. [Dkt. No. 17, at 8-9]. The Government counters that Jacobo-Flores's motion fails to state a claim upon which relief can be granted because the Government has destroyed the seized personal property and, thus, cannot return it and that the doctrine of sovereign immunity bars the award of monetary damages. [Dkt. No. 16].

## II.     JURISDICTION AND LEGAL STANDARDS

## A.     Motion for Return of Personal Property

Rule 41(g) of the Federal Rules of Criminal Procedure permits "[a] person aggrieved . . . by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). A

Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action for return of property. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *United States v. Clymore*, 217 F.3d 370, 373 & n.6 (5th Cir. 2000) (citing *Peña v. United States*, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).[2]  Such a proceeding invokes the Court's general equity jurisdiction under 28 U.S.C. § 1331.  *See Bailey*, 508 F.3d at 738.  That is what this action is.  A Rule 41(g) motion must be filed within six years from when the right of action first accrues.  *See Bailey*, 508 F.3d at 740.  A court is the proper venue if it sits in the same district where the property was seized.  *See Clymore*, 217 F.3d at 373, 376; *see also* Fed. R. Crim. P. 41(g).  Jacobo-Flores has met these two conditions.  He filed his 41(g) motion approximately five years and two months after the seizure of his property and in the district where his property was seized.  [Dkt. No. 1].

Because this is a civil action, the provisions of the Prison Litigation Reform Act (PLRA) apply.  *See Peña*, 122 F.3d at 4-5.  Jacobo-Flores has complied by paying the $350.00 filing fee incrementally following the Court's order.  [Minute Entry 10/23/2007; 11/27/2007; 2/20/2008; 2/25/2008; 4/09/2008].  Accordingly, Jacobo-Flores's motion for return of personal property is ripe for adjudication.

**B.      Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the sufficiency of the nonmoving party's pleadings.  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  The plaintiff must plead facts sufficient "to state a claim of relief

---

[2] *Clymore* and *Peña* both refer to Rule 41(e).  It should be noted that on December 1, 2002 Rule 41(e) was redesignated Rule 41(g) without substantive changes.  *See* Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

Allegations must "raise a right to relieve above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks,

citations, and footnote omitted).  The motion may be granted if it is clear that the nonmoving

party "can prove no set of facts in support of his claim that would entitle him to relief." *Great*

*Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)

(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  If the court moves

past the pleadings and considers evidence on file, Rule 56(c) provides that a motion under Rule

12(b)(6) may be treated as a motion for summary judgment if "there is no genuine issue as to any

material fact."  Fed. R. Civ. Proc. 56(c).

## III.   DISCUSSION

Under Rule 41(g), a person whose property has been seized is presumed to have a right to

its return.  *See Bailey*, 508 F.3d at 739 (citing *United States v. Potes Ramirez*, 260 F.3d 1310,

1314 (11th Cir. 2001)); United *States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).  But Rule

41(g) presupposes that the government still possesses or has control over the seized property.  If

the government proves that it no longer possesses the seized property "[claimant's] motion must

be denied because the government cannot return property it does not possess . . ." *Bailey*, 508

F.3d at 740 (citing *Peña*, 157 F.3d 984, 986 (5th Cir. 1998)); *see also Okoro v. Callaghan*, 324

F.3d 488, 491 (3d Cir. 2003) (noting that the fact that the government does not have the property

sought "is ordinarily a conclusive ground to deny the motion").  Therefore, Jacobo-Flores's $23

in currency cannot be returned to him because the Government has proven that it no longer has

this currency.  After his arrest, the customs agent stated that he gave the money back to Jacobo-

Flores as Jacobo-Flores did not ask for this money to be held for a relative to retrieve.  [Dkt. No.

16, Ex. A: Amaro Aff. ¶ 4].  The Webb County Jail, where Jacobo-Flores was booked, put the

money in an account for the inmate to use the money to purchase goods at the jail's commissary according to the Government.  [*Id.* at Ex. 1].  The Government has provided a receipt of this deposit.  [*Id.*]  Second, Jacobo-Flores's personal items cannot be returned to him because the government no longer possesses this personal property.  *See Bailey*, 508 F.3d at 739–40 (citing *Potes Ramirez*, 260 F.3d at 1314.  The government destroyed Jacobo-Flores's watch, ring, necklace, and wallet in August 2002.  [Dkt. No. 16, Ex. A: Amaro Aff. ¶ 4].  Indeed, Customs Agent Alejandro Amaro has declared that he personally destroyed these personal items with a hammer and scissors and sent them to an incinerator in Houston, Texas.  [*Id.* at ¶6].  Although Jacobo-Flores has filed a reply, he has presented no controverting evidence.  Therefore, Jacobo-Flores's motion under Rule 41(g) is **DENIED**.

Jacobo-Flores also cannot recover monetary damages for his destroyed property.  The doctrine of sovereign immunity, or governmental immunity from suit, bars the court from awarding monetary damages under Rule 41(g).  *Bailey*, 508 F.3d at 740; *Peña*, 157 F.3d at  986 (finding that a suit for monetary damages is barred by sovereign immunity under Rule 41(e)); *see also Clymore*, 217 F.3d at 1120 (remanding for determination of whether government still possessed claimant's personal property and cash and holding as to either one that "sovereign immunity bars monetary relief in a Rule 41(g) proceeding when the government no longer possesses the property . . ."); *United States v. Jones*, 225 F.3d 468, 469–470 (4th Cir. 2000).

While the U.S. Government is immune from suit, it may waive its sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Admin. v. Burr*, 309 U.S. 242, 244 (1940)).  The Federal Tort Claims Act (FTCA), which the Petitioner raises in his reply brief, is one such limited waiver of sovereign immunity.  *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993).  The Federal Tort Claims Act provides that the United States can be liable in tort for any wrongful or negligent act or

omission of one of its employees ". . . while acting within the scope of his office under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred."  23 U.S.C. § 1346(b) (2006).  But the FTCA contains exceptions to the waiver of sovereign immunity.  These exceptions are to be strictly construed in favor of the United States.  *Jeanmarie v. United States*, 242 F.3d 600, 604-05 (5th Cir. 2001).  One such exception applies to all claims that arise from the detention of any items by any federal law enforcement officer while performing his lawful duty.  *Chapa v. U.S. Dept. of Justice,* 339 F.3d 388, 390 (5th Cir. 2003); *Halverson v. United States*, 972 F.2d 654, 655-56 (5th Cir. 1992), *cert. denied*, 507 U.S. 925 (1993); *see also* 28 U.S.C. §2680(c).  Because Jacobo-Flores's claim arises from the destruction of his items by a federal law enforcement officer while performing his lawful duty, Jacobo Flores, cannot recover under the FTCA.  Thus, to the extent that any such claim is raised in his response, same is **DENIED**.

Jacobo-Flores' claim for return of property is an equitable claim and invokes the court's general equity jurisdiction.  *See Bailey*, 508 F.3d at 738.  Because Jacobo-Flores is a federal prisoner, he had to pay a $350.00 filing fee pursuant to the Prison Litigation Reform Act. Jacobo-Flores has complied with this requirement by incrementally paying the filing fee based on the Court's order. [Minute Entry 10/23/2007; 11/27/2007; 2/20/2008; 2/25/2008; 4/09/2008]. The Court has determined that because Jacobo-Flores cannot recover under Rule 41(g), equity requires the return of his filing fee.  Indeed, the Court **ORDERS** the Clerk to return to Jacobo-Flores all filing fees paid in connection with this claim.

Finally, the Government has challenged the Court's jurisdiction to entertain Jacobo-Flores's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because the Court has denied Jacobo-Flores's claim pursuant to Rule 41(g), the Court **DENIES**

**AS MOOT** the Government's motion for failure to state a claim upon which relief may be granted.

## III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petitioner's Motion for return of personal property.  [Dkt. No. 1].  The Court **DENIES AS MOOT** the Government's motion for failure to state a claim upon which relief may be granted.  Finally, the Court **ORDERS** the Clerk to return to Jacobo-Flores all filing fees paid in connection with this claim.

IT IS SO ORDERED.

DONE this 24th day of September, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE